UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YAJAIDA BRAZLEY,

                                    Plaintiff,

        against,

CYTHIA HERBERT, LEE STANLOUS, and
MARY IVORY,

                                 Defendants.

**MEMORANDUM AND ORDER**
21-cv-2571 (LDH) (TAM)

---

LaSHANN DeARCY HALL, United States District Judge:

Yajaida Brazley ("Plaintiff"), proceeding pro se, brings the instant action against Cythia Herbert, Lee Stanlous, and Mary Ivory ("Defendants"), alleging violations of her constitutional rights pursuant to 42 U.S.C. §1983.

## BACKGROUND

Plaintiff initiated this action on May 4, 2021, claiming she was discriminated against in the removal of her children and their placement in the foster care system. (*See* ECF No. 1.) On February 10, 2023, the Court denied Plaintiff's request for court-appointed counsel and ordered Defendants to file their motion to dismiss once fully briefed. The Court also directed Plaintiff to serve Defendants with her opposition brief on or before April 3, 2023. Defendants filed their motion to dismiss on May 1, 2023, without any opposition brief from Plaintiff. (ECF No. 26.) Accordingly, the Court issued a Minute Order on October 20, 2023, which directed Plaintiff to file her opposition on or before November 3, 2023 and warned that "[f]ailure to abide by this Order shall result in dismissal for failure to prosecute." Plaintiff failed to file a timely response. On November 8, 2023, the Court granted Plaintiff an additional opportunity to file her opposition

by November 13, 2023. Again, the Court warned Plaintiff that "[f]ailure to abide by this Order shall result in dismissal for failure to prosecute." Plaintiff still failed to file any response. Finally, on November 14, 2023, the Court granted Plaintiff a final opportunity to file her opposition brief by November 17, 2023, again warning that "[f]ailure to abide by this Order shall result in dismissal for failure to prosecute." Despite multiple extensions, Plaintiff never filed an opposition brief as repeatedly ordered by this Court.

## DISCUSSION

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed. R. Civ. P. 41(b). The prudent application of this rule is "'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" *Manshul Const. Corp. v. Int'l Fid. Ins. Co.*, 182 F.3d 900, 900, 1999 WL 461756, at *2 (2d Cir. 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice). Notwithstanding its benefits, disposal of cases for failure to prosecute is "'a harsh remedy to be utilized only in extreme situations.'" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)). Thus, as a procedural safeguard, district courts must balance five factors—none of which are dispositive—when determining whether to dismiss for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard,

and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* nearly eight months have lapsed since Plaintiff's opposition was first due. While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that delays lasting "merely a matter of months" may support dismissal). Therefore, a delay of eight months is more than sufficient.

*Second*, Plaintiff has been given three opportunities to comply with the Court's directives, and three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute, including on October 20, 2023, November 8, 2023, and November 14, 2023. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding notice of

dismissal sufficient where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendants. Whether responding parties have been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256. This case has been pending for over two years. The Second Circuit has applied a presumption of prejudice where the plaintiff fails to respond to a court order for even shorter periods of time. *See, e.g.*, *Yadav v. Brookhaven Nat. Laboratory*, 487 Fed. App'x 671, 673 (2d Cir. 2012) (affirming dismissal where Plaintiff caused a delay of three months); *see also Brow*, 391 F. App'x at 937 (affirming dismissal where plaintiff caused a delay of nearly six months). As such, Defendants here are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [ ] had actively defended [the] case" and "would be prejudiced by further delay.").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in her chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa*, 520 F.3d at 177–78. Here, prior to pursuing dismissal, the Court granted Plaintiff several opportunities to file an opposition brief and avoid dismissal for failure to prosecute. Indeed, Plaintiff has not attempted to prosecute this case in nearly a year.[1] In other words, Plaintiff has

---

[1] Plaintiff's only filing since receipt of Defendants' motion to dismiss was a letter motion dated October 6, 2023. (ECF No. 28.) There, Plaintiff sought a civil order of protection in ongoing state court proceedings, which Magistrate Judge Taryn A. Merkl denied on October 25, 2023. In any event, Plaintiff's lone filing was not responsive to Defendants' motion to dismiss; rather, it sought entirely new relief. The Court, therefore, does not construe the letter motion as satisfying the Court's multiple directives to submit an opposition brief, or as otherwise made to further prosecute this case.

4

been given ample time to indicate a readiness to proceed, which she has not. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, *Horton v. City of New York*, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warning from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any meaningful action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       November 30, 2023  LaSHANN DeARCY HALL
                                      United States District Judge